# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

      **Plaintiff,**

      *vs.*

DAVID WILLIAMS, ANTHONY VAN DE
VENTER, and JEANETTE VAN DE
VENTER,

      **Defendants.**

CAUSE NO.  1:14-cv-248-SEB-DKL

### ENTRY and ORDER
on
*Motion To Stay Plaintiff's Duty-To-Indemnify Claim*  [doc. 15]
and
**Partial Stay of Discovery**

Plaintiff American Family Mutual Insurance Company ("American Family")

issued a homeowner's insurance policy to defendants Anthony and Jeanette Van De

Venter.  Defendant David Williams, a friend of the Van De Venters, visited them and

stayed at their house in October 2012.  While the Van De Venters were away from the

house at work, Mr. Williams walked their dog on a retractable leash on their property.

Mr. Williams alleges that the dog bolted and, when it reached the end of the leash, it

pulled him to the ground, causing him to suffer injuries.  In August 2013, Mr. Williams

filed a negligence action against the Van De Venters in Monroe County Circuit Court,

Case no. 53C06-1308-CT-001435.  American Family filed the present suit in February 2014

seeking a declaratory judgment that, for any claims asserted in Mr. Williams' lawsuit

against the Van De Venters or arising out of the incident, (1) there is no coverage under its policy, (2) it has no duty to defend or indemnify Defendants, (3) it has no obligation to compromise or settle any claim, and (4) it has no obligation to pay or satisfy any judgment rendered against the Van De Venters.

In May, 2014, the Van De Venters filed the present motion to stay all proceedings on only the duty-to-indemnify part of American Family's action, arguing that it is not ripe until the underlying state case is resolved, the interest of judicial economy will be served by the stay, and proceeding with the claim will prejudice them. They argue that litigating American Family's duty-to-indemnity claim while the state case is pending will prejudice them by distracting their attention and resources away from the state case, causing duplication of efforts, and threatening the state insurer-insured privilege that protects their communications with American Family from Mr. Williams. American Family and Mr. Williams oppose the stay.

Cross motions for summary judgment on all of American Family's requested declarations, including its duty to indemnify, have been filed by American Family and the Van De Venters,[1] [docs. 47 and 50], and each motion is awaiting the filing of replies. In October 2014, the Court granted the parties' agreed motion to extend the November 19, 2014 deadline for non-expert and liability discovery to June 19, 2015. *Order Granting*

---

[1] In their motion, the Van De Venters ask for injunctive relief: "judgment in their favor and against American Family Mutual Insurance Company, ordering American Family to defend the Van De Venters in the Underlying Suit brought by David K. Williams in the Monroe County Circuit Court, ordering American Family to indemnify the Van De Venters against any judgment awarded against them in the Underlying Suit, and granting them all other just and proper relief." *Motion for Summary Judgment* [doc. 50] at 21-22.

*Agreed Motion to Extend Discovery Deadline* [doc. 39].  In Mr. Williams' state case, the Van De Venters' motion for summary judgment was denied in September 2014 and trial has been scheduled for February 8, 2016 (second setting).[2]

The cross motions for summary judgment address whether there are genuine disputes of facts that are material to American Family's contractual duties to provide a defense to the Van De Venters in the state case and to indemnify them for any judgment rendered against them and, if not, whether the facts, as submitted, entitle American Family, as a matter of law, to a declaration that it does not have those contractual duties. If the Court holds that American Family's duty to indemnify cannot be determined because there are genuine disputes of material facts, then the Court can stay the proceedings as to that claim at that time.  However, if the Court can determine as a matter of law, on the parties' motions for summary judgment, that Mr. Williams' claim against the Van De Venters is patently outside the coverage of American Family's policy, then it would be in the interest of judicial economy to do so now.

Therefore, the Van De Venter's *Motion To Stay Plaintiff's Duty-To-Indemnify Claim* [doc. 15] is **DENIED in part and GRANTED in part, without prejudice**.  The cross motions for summary judgment having been filed on all of American Family's action, and the responses having been filed (thus, no assertion under Fed. R. Civ. P. 56(d) that more discovery was needed to respond having been made),  the Court **STAYS DISCOVERY**

---

[2] Docket available at https://mycase.in.gov/Search.aspx (last checked on March 25, 2015).

on American Family's duty-to-indemnify claim pending the Court's rulings on the pending dispositive motions. If and when the Court denies the motions, the parties should move for a case-management conference. The *Motion* is otherwise denied without prejudice.

      **SO ORDERED this date:** 03/27/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.